*417 OPINION.
Siefkin :
The principal question to be answered in this proceeding, and the one upon which the respondent’s determination rests, is *418 whether the will created one trust or two. If only one trust is created, it is agreed that the deficiencies asserted by the respondent must be held erroneous. If two trusts were created and the trustees were under a legal obligation to file a separate return for each trust, then the deficiencies asserted are correct as computed by the respondent, since the losses as to one trust can not be applied against the income of the other. If we reach that point, another question arises, i. e., whether the 1918 deficiency can be collected because of the statute of limitations. The petition alleged error in this respect as to both 1918 and 1920, but in their brief the petitioners rely only upon the point as to 1918. In brief, the will of the decedent provided separate treatment for two lots of property, to be administered by the same trustees. The first lot (that devised by paragraph 4) consisted of the residue of the estate, except the coal lands and certain stock, and was to be managed for the benefit of the decedent’s wife and children and the income distributed to them. The second lot (that dealt with by paragraph 6) consisted of the coal lands and stock excepted from the devise in the fourth paragraph of the will and was conveyed to the same trustees—
In trust to permit my said son, Joseph Leiter, to manage and control the same, and the operations thereof, and I direct that the reDts, issues, profits, and dividends derived therefrom after the payment of all operating and other expenses shall he paid over to my said trustees.
until the amount so paid to the trustees equaled the decedent’s investment, when the trustees were directed to convey the property to the son.
Although it is clear that one instrument may create more than one trust, and that when it does one trust can not have the benefit of deductions from the other (De Ver H. Warner, Trustee, 1 B. T. A. 1292), we are satisfied that the facts in this proceeding show that but one trust was created. Paragraph 6 of the will, relied on by the respondent as creating a separate trust from the property included in the fourth paragraph, as we view it, merely gave the decedent’s son the right to acquire the coal lands and stock by making the property pay for itself. When that was done the son got the property and the estate had the decedent’s investment in it. The money so received by the estate from the son was not disposed of by the sixth paragraph of the will to the son or anyone else except as it became a part of the residue of the estate to be administered for all the beneficiaries. This seems clear by the following language of paragraph 6, which says:
⅜ * * Whenever my said son, Joseph Leiter, shall have repaid my estate in full * * * my said Trustees shall convey to my said sou * * * said coal lands.
*419 As we view the provisions of the will, paragraph 6 does no more than to give the son the right to acquire the mining property at the cost to the decedent. It does not, we believe, create a separate trust. In this conclusion our opinion is strengthened by the practical interpretation put upon the will by the trustees since 1904, and by the reasoning of the Court of Claims in Robert Wood Johnson v. United States, 65 Ct. Cls. 285, in which certiorari was denied by the United States Supreme Court, 278 U. S. 611. In that case it was being-contended by the taxpayer that three separate trust funds were created by the will. The court held only one trust was created, and in its opinion placed considerable reliance upon the long continued treatment of the property by the trustees in one fund.
In view of the above it becomes unnecessary to discuss the other questions raised by the petitioners.
Judgment will be entered for the petitioners.